**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
NORTHWESTERN DIVISION**

| | | |
|---|---|---|
| James and Jody Renbarger, Elise Renbarger, and Carolyn Benjamin, | ) ) ) ) | **SUPPLEMENTAL ORDER RE ATTORNEY'S FEES AND COSTS** |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 4:12-cv-042 |
| Zavanna, LLC, and Zenergy, Inc., | ) ) | |
| Defendants. | ) | |

## I.   BACKGROUND

In this action, plaintiffs asked the court to declare that their individual oil and gas leases had lapsed because defendants had failed to commence drilling operations prior to the expiration of the primary term of the leases (the "lease expiration claims"). Most of the litigation effort in this case was directed to these claims, which the court resolved in favor of defendants.

In addition, Elise Renbarger sought relief pursuant to N.D.C.C. § 47-16-39.1 for untimely payment of royalty (the "§ 47-16-39.1 claim"). More specifically, the relief she sought under the statute was cancellation of her lease or, in the alternative, "penalty interest" of 18% on the untimely paid royalty. In addition, she sought attorney's fees and costs, which § 47-16-39.1 states *shall* be awarded to the "prevailing party." A very small part of the litigation effort in this case was directed to the § 47-16-39.1 claim, which the court resolved in Elise Renbarger's favor by concluding she was entitled to penalty interest because defendants' safe harbor "title dispute" defense failed. The court, however, declined to cancel the lease.

1

The court, in its order adjudicating these claims, directed Elise Renbarger to submit her calculation of penalty interest and also to set forth any claim she might have for attorney's fees and costs and allowed defendants to respond. As to the latter, the court probably should have allowed both parties to argue they were the "prevailing party" with respect to the § 47-16-39.1 claim prior to providing only for Renbarger to submit her claim for attorney's fees and costs. Also, in retrospect, it would have made more sense to allow any argument by defendants for costs on the remainder of the litigation to be made at the same time rather than leaving it to the end after final judgment was issued. That being said, both parties have now briefed the "prevailing party" issues and have also addressed Elise Renbarger's claim for attorney's fees and costs. Consequently, the court will proceed to consider these questions.

With respect to the award of "penalty interest," defendants have indicated that they do not contest Elise Renbarger's calculation of $2,368.71. Hence, that amount will be included in the final judgment.

## II.     DETERMINATION OF WHO IS THE "PREVAILING PARTY"

Defendants argue that the court should consider the litigation as a whole and that, when you take this approach, they are the "prevailing party" and should be awarded their attorney's fees and costs. The court rejects that argument. Elise Renbarger's § 47-16-39.1 claim should be considered separately for several reasons. First, not only was the claim different from the lease expiration claims, its resolution required consideration of a different set of facts and legal principles. Second, the parties were not all the same, *i.e.*, the other plaintiffs did not bring similar claims. Third, the ability to recover attorney's fees and costs as a matter of substantive relief differ between the lease expiration claims and the § 47-16-39.1 claim. Consequently, the court concludes that, for purposes

of determining who is the "prevailing party," the lease expiration claims and the § 47-16-39.1 claim should be treated as if they had been brought in separate lawsuits for purposes of any award of fees and costs.  See Duchscherer v. W.W. Wallwork, Inc., 534 N.W.2d 13, 17 (N.D. 1995); cf. Hensley v. Eckerhart, 461 U.S. 424, 434-35 (1983); Trim Fit, LLC v. Dickey, 607 F.3d 528, 533 (8th Cir. 2010); Emery v. Hunt, 272 F.3d 1042, 1046 (8th Cir. 2001); Avatar Development Corp. v. DePani Const., Inc., 883 So.2d 344, 346 (Fla. Dist. Ct. App. 4th Dist. 2004).

Defendants next argue, that even if Elise Renbarger's § 47-16-39.1 claim is considered separately, they are the "prevailing party," since the court denied the request for lease cancellation, or, at the very least, that neither party should be considered the "prevailing party."  The North Dakota Supreme Court has not addressed what should happen in a situation, such as this, where a mineral lessor obtains relief under § 47-16-39.1 for the untimely payment of royalty in the form of penalty interest but does not prevail on an alternative request for lease cancellation.  However, in Tank v. Burlington Resources Oil and Gas Co., LP, No. 4:10–cv–088, 2013 U.S. Dist. Lexis 166382, 2013 WL 6150783 (D.N.D. Nov. 22, 2013), this court decided the North Dakota Supreme Court is likely to conclude the mineral lessor would be the "prevailing party" given the remedial purposes of § 47-16-39.1, but that the court could discount any award of fees and costs for the fact the mineral owner did not obtain lease cancellation as the preferred remedy.  2013 U.S. Dist. Lexis 166382, at **13-41, 2013 WL 6150783, at **5-12.

Finally, as to the lease expiration claims, defendants are the "prevailing party."

### III.  AWARD OF ATTORNEY'S FEES ON THE § 47-16-39.1 CLAIM

The attorneys for Elise Renbarger have submitted a breakdown of their fees and costs for the entire litigation and point to specific items of work they contend relate to the § 47-16-39.1 claim.

The total amount of fees claimed for these items is $1,510.50. In addition, they contend there were other items of work (such as discovery, the summary judgment briefing, the hearing on the motion for summary judgment, etc.) that addressed, in part, the § 47-16-39.1 claim and for which they do not have a detailed breakdown. To be compensated for this time, they suggest the court award an additional $2,854.35, which is 10% of the remainder of their total fees, and add this to the prior sum for a total fee award of $4,364.85.

In reviewing the detailed breakdown of attorney's fees, it appears the approximately $1,500.00 in time identified in the breakdown encompasses much of the work with respect to the § 47-16-39.1 claim. That being said, some extra amount to compensate for the additional work they claim is appropriate, although it appears this additional work was very limited and compensation for that work will not be determined on a percentage. Also, even for the identified time, there are a couple of entries that are questionable, *e.g.*, the entries relating to settlement discussions. Consequently, after balancing all of these factors, the total amount that the court will consider as a starting point is $2,500.00.

For the reasons expressed by the court in Tank, supra, the court believes it is appropriate to discount any fees claimed pursuant to § 47-16-39.1 for the fact that Renbarger chose to argue she was entitled to lease cancellation and only prevailed on her alternative request for penalty interest. In this case, the court concludes that a reduction of 50% is appropriate. Consequently, the total amount of attorney's fees that will be awarded to Elise Renbarger on her § 47-16-39.1 claim is $1,250.00.

Finally, to make explicit what is implicit in the foregoing holding, defendants are not entitled to recovery of attorney's fees with respect to the § 47-16-39.1 claim.

## IV.   THE REMAINING FEE AND COST ISSUES

With respect to the § 47-16-39.1 claim, Elise Renbarger requests she be awarded 10% of the deposition transcript costs of $1,486.00 and 100% of the state court filing fee, service fees, and other miscellaneous costs, which amount to another $170.37.  While these amounts are modest, the court questions whether all of these amounts are appropriate given the limited relief awarded on the § 47-16-39.1 claim and the fact that Elise Renbarger did not succeed on her lease expiration claim.  Moreover, the court must still determine whether and how much to award defendants for their costs with respect to the lease expiration claims, and, because that may involve questions of allocation with respect to some of the same costs, the court will not now make a final determination of costs with respect to either the lease expiration or the § 47-16-39.1 claims until defendants have had an opportunity to make their claims for costs.

Finally, defendants have suggested that they will also be claiming attorney's fees, but have not suggested what the basis for the award would be other than their argument pursuant to § 47-16-39.1, which the court has rejected.  While the court is not aware of any other basis for awarding defendants their attorney's fees under North Dakota law (which generally follows the "American Rule" requiring each party to bear their own attorney's fees absent a statute or contract provision providing otherwise, e.g., City of Fargo v. Malme, 2008 ND 172, ¶ 5,  756 N.W.2d 197), the court must await to see whether there is any other argument for attorney's fees.

## V.   ORDER

Because what remains to be determined is minimal, defendants shall submit their requests for attorney's fees and costs on or before March 7, 2014.  Plaintiffs shall submit their response

5

within seven (7) days of the filing of defendants' request and defendants shall submit their reply within five (5) days of the filing of plaintiffs' response.

**IT IS SO ORDERED.**

Dated this 25th day of February, 2014.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge